UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABBY VOLATILITY WARRANT MASTER FUND LTD., | No. 1:2023-cv-07874-KPF |
| Plaintiff, | Hon. Katherine Polk Failla, U.S.D.J. |
| -against- | |
| JUPITER WELLNESS, INC., | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| Defendant. | |

The following Protective "Order" shall govern the production or provision of confidential information or things in this case for the purpose of responding to discovery requests or inquiries (to include but not be limited to interrogatories, requests for document production, requests for admissions, responses to subpoenas duces tecum, and deposition transcripts) and preparation for trial.  Pursuant to this Order, the parties have the right to designate certain information as "Confidential Information" as herein defined. The parties shall designate information as "Confidential Information" only in good faith and not as a mechanism to inhibit or complicate discovery.

<u>Definitions</u>

1.      "Confidential Information" as used herein means any type or classification of information which is designated (pursuant to the conditions herein) by the supplying party in good faith as "Confidential," whether it be a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer or otherwise, and physical exhibits.  In the case of paper documents or documents produced electronically in PDF or TIFF format, the designation shall

12434922-3

appear on every page that is deemed confidential.  In the case of electronic documents not produced in PDF or TIFF format and which cannot be marked on each page, the designation shall appear in the file name.  In the case of all other Confidential Information, the designation shall appear prominently on the Confidential Information or in the communication between counsel transmitting the document or information.  Specifically, "Confidential Information" shall refer to trade secrets, or other confidential research, development, or commercial information such as contemplated by Federal Rule of Civil Procedure 26(c), and also shall include information not generally disseminated or available to the public; information to which free access is not available to the public; information to which only limited access is permitted to employees of the supplying party; and/or information of which dissemination or disclosure would present a real or potential threat to the economic interests of the supplying party.

2.      "Supplying party," "designating party," and "producing party" are used interchangeably herein, and refer to the party disclosing information (confidential and/or non-privileged).

3.      "Qualified Person" as used herein means:

a.    Attorneys of record in this proceeding and any associated counsel, and employees of such attorneys and counsel;

b.    Any other outside attorneys retained by any of the parties to render advice to or represent the party in this lawsuit, who have signed a Confidentiality Statement in the form of Exhibit A, which is attached hereto;

c.    Parties and their officers, directors, and employees to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Statement (Exhibit A);

-1-

d.  The author and/or identified recipient of the document and/or the original source of the information and any person who received or viewed a copy of the documentation or information prior to its production in this litigation and to whom disclosure is reasonably necessary for this litigation and who has signed the Confidentiality Statement (Exhibit A);

e.  Any person to whom the designating party or others have previously disclosed the document and/or information designated Confidential and who has signed the Confidentiality Statement (Exhibit A);

f.  Any person to whom counsel determines disclosure is reasonably necessary for this litigation and who has signed the Confidentiality Statement (Exhibit A);

g.  Any person hired by a party or its attorneys of record in this proceeding as an "independent expert." The independent expert must complete and sign the Confidentiality Statement (Exhibit A);

h.  Court reporter(s) used in this action who are not direct employees of either of the parties;

i.  Translation, photocopy, document imaging and database services, and consultants retained by counsel to copy documents, prepare Court exhibits, or translate documents; and/or to set up, maintain, and/or operate computer systems, litigation databases, or to convert data for inclusion in such databases who have signed a Confidentiality Statement in the form of Exhibit A hereto;

j.  The Court, witnesses, any juror, or any other entity authorized by the Court or required by law; and/or

-2-

k.  Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person.  Any person designated under this subparagraph (k) must complete and sign a Confidentiality Statement in the form of Exhibit A hereto.  A copy of the signed Confidentiality Statement must be served on the supplying party before access is allowed to the Confidential Information.

"CONFIDENTIAL" Designation

4.  Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production, or if marking each page is not reasonably practical, by adding "Confidential" to the file name of electronic documents or by making such designation in the communication transmitting the document or information between counsel.  If the information is produced in the form of computer disks, video tapes, or other tangible things in electronic, magnetic, or other form, each such item produced shall bear a unique identifying number.  If a hard copy document is created from the electronic media produced, the hard copy document shall contain the bates number and confidentiality label from the electronic media.  Marking of the documents and things shall be substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark copies that are produced or provided.

-3-

5.      Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party; the present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding; or a third party in possession of confidential information, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential – Subject to Protective Order" and is subject to the provisions of this Order; or (b) within sixty (60) days of receiving the final transcript of the deposition, by notifying counsel in writing of such designations, specifying the page and line numbers of the transcript to be so designated.

6.      Any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons, except as otherwise provided in this Order.

Provisions Applicable to Confidential Information

7.      Except as set forth herein, documents produced which are subject to claims of Confidentiality, or which are Confidential as set forth herein, shall be so designated at the time of production.

8.      In designating information as Confidential, the designating party will make such designation only as to those documents or that information which the party in good faith believes contains Confidential Information.  In the event that the party receiving information designated as Confidential objects to such designation, that party shall notify the designating party in writing as to the specific objections, itemizing them with particularity, along with the basis (both factual and legal) for the objection.  The parties shall then confer in a good faith effort to resolve their differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest.  In the event

-4-

that the parties are not able to reach an agreement under this provision, the documents in question shall be the subject of review by the Court or magistrate.  The designating party shall bear the burden of proving that such requested designations are appropriate and shall file a motion for such designation within ten (10) business days after the parties' meet and confer. Failure to file such a motion within said ten (10) business days shall operate as a waiver of the objection.

9.     Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee, former employee, agent or expert of the producing party, any person who authored or was a prior recipient of the Confidential Information, or any witness testifying in connection with the above-captioned action.

10.     Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, or if the Court, after notice to all parties, orders such disclosure.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate.  This Order shall not restrict the disclosure of material that:  (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure, through no fault of the receiving party, its Qualified Persons and/or any third-party affiliated with the receiving party; (c) was received from a third party who was under no obligation of confidentiality; or (d) is derived or obtained independently of the disclosure.  The receiving party shall have the burden of proving that this Order does not restrict the disclosure due to any of the foregoing reasons.

-5-

11.     ANY INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION, THE INFORMATION CONTAINED THEREIN, AND ANY SUMMARIES, COPIES, ABSTRACTS, OR OTHER DOCUMENTS DERIVED IN WHOLE OR IN PART FROM THE MATERIAL SO DESIGNATED SHALL NOT BE USED BY THE OTHER PARTY FOR ANY PURPOSE OTHER THAN IN CONNECTION WITH ADVANCING THIS PROCEEDING, or as otherwise required by applicable law.

12.     The inadvertent or unintentional disclosure by a supplying party to the receiving party of Confidential Information, regardless of whether the information was so designated at the time, will not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  However, a party who inadvertently or unintentionally discloses its Confidential Information, shall, within five (5) business days from the date of discovery of such inadvertent or unintentional disclosure, designate such Confidential Information appropriately, and notify the opposing party of the same in writing.  Any party who inadvertently or unintentionally discloses the other party's Confidential Information shall promptly inform the producing party and make every reasonable and prompt effort to prevent any further disclosure by it or by the person who was the recipient of such Confidential Information. However, such efforts shall not relieve the inadvertently disclosing party of any liability for damages caused by violating this Protective Order.

13.     Discovery of non-parties or third parties to this action may involve receipt of information, documents, objects, or testimony that includes or contains Confidential Information. A non-party producing such materials in this case may designate as Confidential Information some or all of the materials it produces in the same manner as provided for in this Protective

-6-

Order with respect to the parties.  Regardless of how the producing non-party shall designate

them, all documents or other materials produced by non-parties shall be deemed Confidential for

a period of thirty (30) days from production, and during that period any party may designate as

Confidential Information any or all of such material.  Any party may designate as Confidential

Information any other documents, objects, or other materials which have been furnished by a

non-party and which constitute Confidential Information, whether or not the non-party has also

so designated them.  Non-party materials designated as Confidential Information by a non-party

or a party shall be governed by the terms of this Protective Order.

14.     A party shall not be obligated to challenge the propriety of a Confidential

designation at the time made, and a failure to do so shall not preclude a subsequent challenge

thereto.

15.     A party seeking to file with the Court any of that party's own Confidential

Information shall comply with the applicable procedures of Section 9 of the Court's Individual

Rules of Practice in Civil Cases for filing under seal, and shall be responsible for making the

necessary showing to the Court to obtain such relief.  A party seeking to file with the Court any

Confidential Information of the other party shall, at least five (5) business days prior to such

filing, provide written notice to the other party of the intent to file such Confidential Information

with the Court.  The party whose Confidential Material is sought to be filed shall provide the

letter motion, supporting papers, and other submissions required by Section 9 in a timely manner

so as to allow the filing party to file by the end of the three-business-day period, and identify

with specificity the language to be redacted in the publicly accessible document. If the party

whose Confidential Information is sought to be filed fails to timely do so, then the other party

shall be entitled to file the Confidential Information identified in the notice with the Court in the

normal course without redactions and without filing it under seal, and such filing shall not in any way be deemed to be a violation of this Order.

16.     In the event that any Confidential Information is used in any Court proceeding in this action, it shall not by such use lose its confidential status, and the party using such material shall continue to take all steps reasonably available to protect its confidentiality.

17.     This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted.

18.     Within two (2) months after final judgment and the conclusion of  any appeals taken in this proceeding, all originals or reproductions of any documents produced by a party containing Confidential Information shall be returned to the producing party or destroyed, at the receiving party's sole discretion.  A verified statement regarding the destruction of Confidential Information must be provided to the producing party by counsel of the party who destroys the same upon written request by the producing party.

19.     Any protective orders entered in this action shall continue to be binding for a period of five (5) years after the conclusion of this proceeding, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order or portions thereof.  Notwithstanding the above, trial counsel for the parties may retain Confidential Information as is strictly necessary to keep an accurate and complete record of the lawsuit for a time and to the extent required by their professional, ethical obligations.

20.     Documents or information produced by one party which originated with the other party, or in which the other party has a possessory or ownership interest may be designated by

the other according to this Protective Order and shall be treated by the parties according to this Protective Order.

21.     The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate discovery and the preparation of this action for trial. Treatment of such material by counsel for the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

Privileged Information

22.     By agreement of the parties and pursuant to Federal Rule of Evidence Rule 502:

   a.   For purposes of this Order, "Protected Information" shall include documents protected from discovery by the attorney-client privilege, work-product doctrine, or otherwise as defined by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

   b.   The inadvertent production of original or copies of Protected Information shall not constitute a waiver of the producing party's right to assert any privilege or work product protection with respect to those documents. The producing party shall not be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure, that it took reasonable steps to rectify the error, or that it acted promptly to provide notice of or otherwise rectify the disclosure. Moreover, the mere production of Protected Information without further use of that Protected Information in testimony, at trial, or on any motion other than a motion to compel, shall not be deemed "intentional" pursuant to Federal Rule of Evidence 502(a)(1).

12434922-3

c.  Upon written notice of recall from the producing party of the production of Protected Information, the requesting party must, within fifteen (15) business days of receipt of that recall notice, (i) return or destroy all copies of the produced Protected Information and (ii) provide a written certification of counsel that the produced Protected Information designated in the recall notice has been returned or destroyed.

d.  If the requesting party contests the claim of attorney-client privilege or work product protection made in a recall notice, the requesting party must move the Court for an order compelling disclosure of the Protected Information. This motion must not assert as a ground for compelling disclosure the fact or circumstances of the inadvertent production, but may describe any use made by the producing party of the alleged Protected Information in this action. Upon request of the producing party, the requesting party must take reasonable measures to prevent any further dissemination of the produced Protected Information pending resolution of the motion to compel.

e.  If the notice from the producing party of the production of Protected Information is made during or in preparation for a deposition, the requesting party may not use the produced Protected Information at the deposition in any manner except for the limited purpose of questioning the witness to ascertain the strength of the claim of privilege or other protection. If a motion to compel is filed with the Court and the motion is granted, the deposition may be resumed to allow additional questions solely regarding the alleged Protected Information.

-10-

23.     This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected from production as privileged or attorney work product.

24.     This Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders as appropriate and provided for by the Federal Rules of Civil Procedure or the Court.


```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.
```


        SO ORDERED.

Dated: _____May 6__, 2024
        New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge

-11-

APPROVED FOR ENTRY:

By signing this Protective Order, all counsel of record hereto warrant that they are authorized by their respective clients to sign on behalf of and to bind the client to the terms hereof.

Dated: New York, New York
       April 30, 2024

OLSHAN FROME WOLOSKY LLP                    GUSRAE KAPLAN NUSBAUM PLLC

/s/ *Natasha G. Menell*                     *Kari Parks / A K*
_____             _____

Thomas J. Fleming                           Kari Parks
Natasha G. Menell                           Iuliia Kassai
*Attorneys for Plaintiff Sabby Volatility*  *Attorneys for Defendant Jupiter*
*Warrant Master Fund, Ltd.*                 *Wellness, Inc. (n/k/a Safety Shot Inc.*)
1325 Avenue of the Americas                 120 Wall Street
New York, New York 10019                    New York, New York 10005
(212) 451-2300                              (212) 269-1400
tfleming@olshanlaw.com                      kparks@gusraekaplan.com