# GUSRAE KAPLAN NUSBAUM PLLC

### ATTORNEYS AT LAW

RICHARD DEVITA
TIMOTHY FEIL
SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM
KARI PARKS

120 WALL STREET – 25TH FLOOR
NEW YORK, NEW YORK 10005

425 BROADHOLLOW ROAD
SUITE 300
MELVILLE, NEW YORK 11747

TEL. (212) 269-1400
FAX (212) 809-4147

www.gusraekaplan.com

OF COUNSEL
ROBERT L. BLESSEY



December 18, 2025

**VIA NYSCEF**
The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, New York 10007

> RE:   Sabby Volatility Warrant Master Fund Ltd. v. Jupiter Wellness, Inc.,
>        No. 1:23-cv-07874

Dear Judge Failla:

We represent Defendant "**Jupiter**" Wellness, Inc. and write in response to "**Sabby**" Volatility Warrant Master Fund Ltd.'s December 15, 2025 letter (the "**Sabby Letter**") regarding purported discovery disputes between Jupiter and Sabby (together, the "**Parties**"). See generally Sabby Letter, Dkt. 47 (Dec. 15, 2025).

Sabby specifically complains that (1) Jupiter has "refused to answer" Sabby's requests for admission ("**RFAs**"), (2) Jupiter "advance[ed] new positions" from the Parties' November 24 telephone meet and confer in its December 3 email, and (3) "Jupiter has failed to provide any substantive interrogatory responses or produce a single document." See Sabby Letter at 1–2.

RFAs 2–7 ask Jupiter to admit that July 7, 2023 was the "record date for the SRM Dividend." See Sabby Letter Exhibit A, RFAs, Dkt. 47-1 at 2–3 (Dec. 15, 2025). These requests would require Jupiter to admit the legal conclusion that July 7, 2023 was the official "record date," such that shareholders as of that date are entitled to what Sabby has defined the "SRM Dividend." But forcing this admission means forcing Jupiter to admit its own liability. See Coach, Inc. v. Horizon Trading USA Inc., 908 F.Supp.2d 426,

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Katherine Polk Failla
December 18, 2025
Page 2

432–33 (S.D.N.Y. 2012) (internal quotations and citations omitted) (holding that requests for the recipient to admit that certain sunglasses were "counterfeit goods," that they "infringe" a mark, and that the defendants sold "thousands of Infringing Products" were legal conclusions). Even where Sabby attempts to disguise these requests as admissions of fact, forcing Jupiter to admit— concretely or impliedly—that July 7, 2023 is the true record date "would only frustrate the purposes for which Rule 36 was drafted." See id. at 432 (quoting Williams v. Krieger, 61 F.R.D. 142, 144 (S.D.N.Y. 1973)). Undersigned counsel noted these points during the November 24 conferral and described them in more detail in the December 3 email.

Sabby has the power to fix both of its remaining complaints without judicial intervention. Sabby's complaints—that Jupiter advanced new positions and has not produced responsive materials—intersect with the remaining questions regarding the scope of Sabby's discovery requests. During the November 24 conferral, the Parties discussed the possibility of narrowing Sabby's interrogatories to identifying people with knowledge relevant to the "record date issue." Undersigned counsel and opposing counsel agreed to confirm internally whether, if Sabby were able to rephrase the interrogatories to that narrow issue, Jupiter would be able to provide amended interrogatory responses. On December 3, undersigned counsel emailed opposing counsel and confirmed that Jupiter would be able to do so. These were not "new positions," rather this narrowing was contemplated by the Parties during the November 24 conferral, and Jupiter confirmed its willingness to provide such responses on December 3.

As to Sabby's document requests, Sabby seeks communications between Jupiter and any "present or former Jupiter shareholder" or "person concerning Jupiter's failure to issue the SRM Dividend based on a July 7, 2023 record date." Jupiter initially objected that the inclusion of communications with non-Sabby shareholders and / or people would be far too broad and would include irrelevant materials. Undersigned counsel reiterated these positions during the November 24 conferral. On December 3, undersigned counsel proposed that Jupiter could produce responsive documents if Sabby agreed to narrow two requests from seeking communications between Jupiter and any "present or former Jupiter shareholder" or "person concerning Jupiter's failure to issue the SRM Dividend based on a July 7, 2023 record date" to only shareholders that both (1) held Jupiter securities on July 7, 2023, and (2) subsequently did not hold Jupiter Securities on August 14, 2023.

Both at the November 24 conferral and in Jupiter's December 3 email, Jupiter took the same positions and noted its willingness to produce documents and provide amended responses based on a narrowing of Sabby's requests. Regardless of whether Sabby now refuses to accept these positions, despite the Parties' previous contemplations

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Katherine Polk Failla
December 18, 2025
Page 3

that rephrasing and / or narrowing the scope of certain requests may be acceptable, Jupiter has remained consistent. Sabby can fix the problems it claims to have by narrowing their own requests.

Finally, if the Court believes that judicial intervention is appropriate at this time, Jupiter respectfully requests that it also compel Sabby to search for and produce all responsive materials for Jupiter's requested timeline of January 1, 2023 through trial, instead of Sabby's offer to produce materials only for June 1, 2023 through trial. Sabby's only remaining claim is for breach of contract arising out of Jupiter's distribution of SRM stock to shareholders as of August 14, 2023 instead of July 7, 2023. Although Sabby claims that Jupiter's own Bylaws are the only document relevant to determining the scope of the Parties' contract, those Bylaws are silent on whether Jupiter has the power to change a dividend distribution date. Therefore, Sabby's documents regarding its negotiation and execution of various Jupiter securities purchase agreements in January 2023 is relevant to determining the Parties' intent.

Although Sabby also bought Jupiter securities in November 2021, we understand that by summer 2023, Sabby no longer owned any common stock that it had purchased in that offering. At the moment, we have no reason to believe that the Parties' 2021 negotiations are relevant to the Parties' intentions regarding the contract that Jupiter allegedly breached in July 2023.

Respectfully submitted,

/s/ Timothy Curtis
Timothy Curtis

cc: All counsel of record (via PACER)

The Court has reviewed Plaintiff's request for a Local Rule 37.2 Conference (Dkt. #47), as well as Defendant's above response (Dkt. #48).  The Court is disappointed that the parties have not been able to find consensus on these issues.

Nonetheless, Plaintiff's request is GRANTED.  The parties shall appear for a telephonic conference on **January 6, 2026,** at **12:00 p.m.**  At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.  The parties are urged to meet-and-confer regarding the disputed issues before the conference, so that they may be able to avoid judicial intervention.

The Clerk of Court is directed to terminate the pending motion at docket entry 47.

Dated:      December 18, 2025
            New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE